UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT MCMILLIAN ,

    Plaintiff,

v.                                          CASE NO: 8:05-cv-1305-T-23MSS

INTERNAL REVENUE SERVICE,

    Defendant.
_____/

**ORDER**

    The plaintiff applies (Doc. 1) for entry of a temporary restraining order ("TRO"). A party seeking a TRO must demonstrate (1) a substantial likelihood of success on the merits, (2) the TRO is necessary to prevent irreparable injury, (3) the threatened injury outweighs the harm that the temporary restraining order would cause to the non-moving party, and (4) the TRO would not be adverse to the public interest. Parker v. State Board of Pardons and Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). The plaintiff submits an application for a TRO accompanied by the plaintiff's one-page affidavit. The evidence presented fails to clearly establish "the plaintiff's burden of persuasion as to each of the four prerequisites." McDonald's Corp., 147 F.3d at 1306 (internal citations and quotations omitted). Additionally, the plaintiff fails to comply with Local Rule 4.05, which

applies to an application for a temporary restraining order.[1] Accordingly, the plaintiff's "motion for an application of a temporary restraining order" (Doc. 1) is **DENIED**.

ORDERED in Tampa, Florida, on July 13, 2005.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] Local Rule 4.05 lists requirements for a TRO, and Local Rule 4.06 lists requirements for a preliminary injunction.

- 2 -